# UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| vs. | CASE NUMBER:  8:05-cr-481-T-23EAJ<br>USM NUMBER:   48520-018 |
| MARIE LAURENT | Defendant's Attorney:  Ronald F. Smith, cja |

THE DEFENDANT:

__X__ pleaded guilty to count ONE of the Indictment.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 371 | Conspiracy to Commit Mail Fraud | January 6, 2003 | ONE |

The defendant is sentenced as provided in pages 2 through 6 of this judgment.  The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

__X__  Count THREE is dismissed in accordance with the plea agreement.

IT IS FURTHER ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.

If ordered to pay restitution, the defendant must notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: December 8, 2006

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

DATE: December 11, 2006

AO 245B (Rev 06/05) Sheet 2 - Imprisonment (Judgment in a Criminal Case)

Defendant: MARIE LAURENT
Case No.: 8:05-cr-481-T-23EAJ

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **FIVE (5) MONTHS.**

___ The court makes the following recommendations to the Bureau of Prisons:

___ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

   ___ at ___ a.m./p.m. on ___.
   ___ as notified by the United States Marshal.

**X** The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

   **X** **within thirty (30) days.**
   ___ as notified by the United States Marshal.
   ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

___ at _____, with a certified copy of this judgment.

_____
United States Marshal

By:_____
Deputy United States Marshal

| | | |
|---|---|---|
| Defendant: | MARIE LAURENT | Judgment - Page 3 of 6 |
| Case No.: | 8:05-cr-481-T-23EAJ | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THIRTY-SIX (36) MONTHS.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

While on supervised release, the defendant shall not commit another federal, state, or local crime, and shall not possess a firearm, ammunition, or destructive device as defined in 18 U.S.C. § 921.

The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. Based on the probation officer's determination that additional drug urinalysis is necessary, the Court authorizes random drug testing not to exceed 104 tests per year.

X   The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse.

X   The defendant shall cooperate in the collection of DNA as directed by the probation officer.

If this judgment imposes a fine or restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 06/05) Sheet 3C - Supervised Release (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: | MARIE LAURENT | Judgment - Page 4 of 6 |
| Case No.: | 8:05-cr-481-T-23EAJ | |

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:

X     The defendant shall participate in the Home Detention program for a period of **150 days**. During this time, defendant will remain at defendant's place of residence except for employment and other activities approved in advance by the defendant's Probation Officer. Defendant will be subject to the standard conditions of Home Detention adopted for use in the Middle District of Florida, which may include the requirement to wear an electronic monitoring device and to follow electronic monitoring procedures specified by the Probation Officer. Further, the defendant shall be required to contribute to the costs of services for such monitoring not to exceed an amount determined reasonable by the Probation Officer based on ability to pay (or availability of third party payment) and in conformance with the Probation Office's Sliding Scale for Electronic Monitoring Services.

X     The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, acquisitions or obligating herself for any major purchases without approval of the probation officer.

X     The defendant shall provide the probation officer access to any requested financial information.

X     If the defendant is deported, he shall not re-enter the United States without the express permission of the appropriate governmental authority, currently the United States Department of Homeland Security, or the United States Department of Justice.

AO 245B (Rev 06/05) Sheet 5 - Criminal Monetary Penalties (Judgment in a Criminal Case)

| | | |
|---|---|---|
| Defendant: MARIE LAURENT | | Judgment - Page 5 of 6 |
| Case No.: 8:05-cr-481-T-23EAJ | | |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Total Restitution |
|---|---|---|---|
| Totals: | $100.00 | $ waived | $15,201.80 |

\_\_ The determination of restitution is deferred until \_\_\_\_. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_\_ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| Delta Casualty Insurance Company<br>Office of the Special Deputy Receiver<br>222 Merchandise Mart Plaza, Suite 1450<br>Chicago, IL  60654<br>Attention: Bernie Basgall, Claim# 4610 | | $13,791.00 | |
| American International Group<br>Attention: Mike Mark<br>11300 9th St. N.<br>St. Petersburg, FL  33716<br>Ref:  Marie Laurent | | 1,410.80 | |
| Totals: | $ | $15,201.80 | |

\_ Restitution amount ordered pursuant to plea agreement $ _____ .

\_ The defendant must pay interest on a fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

  \_ the interest requirement is waived for the  \_\_\_ fine  \_\_\_ restitution.

  \_ the interest requirement for the  \_\_\_ fine  \_\_\_ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| Defendant: MARIE LAURENT | Judgment - Page 6 of 6 |
| Case No.: 8:05-cr-481-T-23EAJ | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A.  __X__  Lump sum payment of $ **100.00** **(special assessment)** due immediately, balance due

        ___ not later than _____, or

        ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B.  ___  Payment to begin immediately (may be combined with ___ C, ___ D, or ___ F below); or

C.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D.  ___  Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E.  ___  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F.  __X__  Special instructions regarding the payment of criminal monetary penalties:

        **RESTITUTION: $15,201.80.** While in the Bureau of Prisons custody, the defendant shall either (1) pay at least $25 quarterly if the defendant has a non-Unicor job or (2) pay at least 50% of her monthly earnings if the defendant has a Unicor job. Upon release from custody, the defendant is ordered to begin making payments of $100 per month and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in her ability to pay.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

__X__  Joint and Several

    Defendant, Marie Laurent (7), Case No. 8:05-cr-481-T-23EAJ, **$15,201.80**
    Co-defendant, Ireno Luis Delgado (1), Case No. 8:05-cr-481-T-23EAJ

___  The defendant shall pay the cost of prosecution.

___  The defendant shall pay the following court cost(s):

___  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.